IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE T. CLARKE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL CASE NO. 06-0091-CG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

### ORDER

This cause is before the court on defendant's motion to dismiss wrongful conviction for lack of jurisdiction. Upon due consideration of all matters presented, defendant's motion is due to be denied.

I.   BACKGROUND

Petitioner avers that forty-five years ago, he was wrongfully convicted for a misdemeanor in the United States District Court for the Southern District of Alabama for a violation of 18 U.S.C. § 641. In 1961, the United States filed a criminal Information in the District Court for the Eastern District of North Carolina alleging that petitioner "did unlawfully embezzle, steal, purloin, and knowingly convert to his own use, and without authority dispose of property belonging to the United States of America." United States v. Clarke, No. 4418 (E.D.N.C. Apr. 14, 1961). Specifically, the United States charged petitioner with stealing fifty pounds of TNT explosive together with seven boxes of blasting caps. Id. Because the value of the items stolen was less than $100, the offense was a misdemeanor. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the United States District Court for the Eastern District of North Carolina

transferred petitioner's case to the United States District Court for the Southern District of Alabama for plea and sentence.

Petitioner contends that this court lacked subject matter jurisdiction because petitioner "was in the status of a soldier and the charges violated the mandate of jurisdiction of the . . . Uniform Code of Military Justice, [10 U.S.C. §§ 802-03]." (Pet. at 1). Moreover, petitioner claims that "FBI Agents unlawfully and willingly violated the U[nited] S[tates] Constitution by proceeding with a trial in a Federal District Court." Id. at 4. In essence, petitioner asserts that the sentence imposed by this court on May 23, 1961, in connection with a violation of 18 U.S.C. § 641, was in violation of the Constitution or laws of the United States, and that this court was without jurisdiction to impose such a sentence; therefore, this court construes petitioner's action as one pursuant to 28 U.S.C. § 2255.

## II.    ANALYSIS

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, introduced for the first time a statute of limitations with respect to the filing of petitions for writs of habeas corpus and motions to vacate federal sentences. Accordingly, section 2255 provides a one-year limitation period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Prisoners whose convictions became final prior to the effective date of the

AEDPA's statute-of-limitations provision were accorded a period of one year after the effective date in which to file petitions pursuant to 28 U.S.C. § 2255.  Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998) (Federal prisoners whose convictions became final prior to the effective date of section 105 of the AEDPA must be given a reasonable time after the enactment of section 105's one-year period of limitation to file their 2255 motions).  Here, petitioner's conviction became final prior to the effective date of the AEDPA's statute-of-limitations period.  Therefore, since petitioner failed to file within one year of the effective date of section 105 of the AEDPA, petitioner's action is due to be dismissed.

Even if Clarke had filed his petition complied with the one-year limitation period, his claim would fail because petitioner did not file while "in custody."  Section 2255 states, in part, that

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  The habeas corpus statutes allow federal courts to entertain the application for a writ of habeas corpus from a person "in custody."  See Id.; Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (recognizing that federal habeas statutes require petitioner to be "in custody" when petition filed).  It is well settled that such "custody" is not limited to incarceration, but includes post-imprisonment supervision such as parole, probation, and certain rehabilitation programs. See, e.g., Jones v. Cunningham, 371 U.S. 236, 243 (1963) (parole); Wright v. United States, 732 F.2d 1048, 1050 (2d Cir.), cert. denied, 469 U.S. 1106 (1984) (probation); Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir.), cert. denied,

127 L. Ed. 2d 372 (1993) (rehabilitation program).  In this case, petitioner did not file his petition while "in custody" under any of the standards articulated above.  Thus, relief is unavailable under 28 U.S.C. § 2255.

Finally, while the petition fails on procedural grounds, the court notes that petitioner's argument is not well taken .  He contends that, because he was serving in the military when he committed the acts on which the charges were based, and those acts violated the Uniform Code of Military Justice, this court somehow lacked subject matter jurisdiction over petitioner's case.  (Pet. at 1).  Petitioner relies on United States ex rel. Toth v. Quarles, 350 U.S. 11 (1955) to support his argument.  However, in Toth, the Supreme Court addressed only the question of whether an ex-serviceman may be tried by military court-martial for crimes committed while serving in the military.  The Court ruled that court-martial jurisdiction cannot be extended to reach any person not a member of the Armed Forces at the times of both the offense and the trial.  Id. at 23.  In this case, Clarke, an ex-serviceman at the time the charges were brought,  was not proceeded against by a military court-martial, but in the district court, where the full Constitutional protections apply.

More importantly, there is no authority whereby acts which constitute a violation of the Uniform Code of Military Justice, 10 U.S.C. §§ 802-03, would preclude subject matter jurisdiction in a United States Federal District Court if those same acts also violate a provision of the United States criminal statutes.  Under 18 U.S.C. § 3231, federal courts have at the very least concurrent jurisdiction with military courts over violations of the laws of the United States by military personnel whether on or off the military reservation.  Grafton v. United States, 206 U.S. 333, 348 (1907);  Peek v. United States, 321 F.2d 934, 936 (9th Cir. 1963), cert. denied 376 U.S.

954.  "Consequently simply because a member of the armed forces may be punished by military court martial for an offense provides no justification for concluding that a District Court lacks jurisdiction to punish him for the same offense, if such offense is violative of a federal law." United States v. Walker, 552 F.2d 566, 567 (4th Cir. 1977).

## CONCLUSION

For the foregoing reasons, petitioner's motion to dismiss wrongful conviction for lack of jurisdiction is hereby **DENIED.**

**DONE and ORDERED** this 22nd  day of February, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE